UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------
LAWRENCE J. SMITH,

                Plaintiff,

X

        - against-

New York State Corrections Officer AITEHENSON, Individually and in his Official Capacity, New York State Correction Officer SWAN, Individually and in his Official Capacity, New York State Correction Officer HARGET, Individually and in his Official Capacity, and THOMAS GEE, Superintendent of Cayuga Correctional Facility, Individually and in his Official Capacity,

                Defendants.

---------------------------------------------------------------------------X

Case No.: 9:24-cv-1562 BKS/MJK

COMPLAINT and
JURY DEMAND

       Plaintiff, LAWRENCE J. SMITH, by his attorneys, THOMPSON LAW, P.C., complaining of the Defendants, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1.     This is a civil action against the Defendants for the assault and battery and for other wrongs suffered by Plaintiff LAWRENCE J. SMITH, under the common law of the State of New York; and, against the individually named Defendants for the deprivation of his Constitutional rights secured to Plaintiff by the First, Fourth, Fifth and Eighth Amendments to the United States Constitution through 42 U.S.C. §1983.

2.     Plaintiff seeks compensatory damages under New York State law. Plaintiff seeks compensatory damages against the individually named Defendants and attorney fees under

1

42 U.S.C. §1988 under the federal claims; the Plaintiff further seeks punitive damages against the individually-named Defendants for claims under federal law.

3. Plaintiff seeks compensatory damages and a declaratory judgment that Defendant GEE is liable under <u>Monell v. Department of Soc. Svcs.</u>, 436 U.S. 658 (1978); the Plaintiff seeks attorney fees for the <u>Monell</u> claim under 42 U.S.C. § 1988.

### JURISDICTION AND VENUE

4. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1342, 1367, 1343(3) and (4), as this action seeks redress for the violation of Plaintiff's constitutional and civil rights.

5. The venue is proper in the United States District Court for the Northern District of New York pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions given rise to the claims herein occurred in said judicial district

### STATUTE OF LIMITATIONS

6. The claims made under New York State law and under federal law are timely; the statute of limitation for the federal claims is three (3) years from accrual.

### PARTIES

7. At all times herein mentioned, Plaintiff, LAWRENCE J. SMITH, was a resident of Cayuga County, State of New York.

8. Upon information and belief, New York State Corrections Officers AITEHENSON, SWAN, HAGERTT, and Superintendent THOMAS GEE, (hereafter collectively "Defendants") resided and still reside in the State of New York.

9. At all times hereinafter mentioned, Defendants were sworn employees and agents of the New York Department of Corrections and Community Service ("DOCCS") having the duty

2

to protect life and property of the incarcerated individuals entrusted to their care and act in accordance with the regulations and directives of DOCCS; the laws, ordinances and provisions of the State of New York and the United States Constitution.

10. At all times hereinafter mentioned, New York State Corrections Officer AITEHENSON, was acting within the scope of his employment as a sworn Officer of DOCCS and was acting under the color of State law.

11. At all times hereinafter mentioned, New York State Corrections Officer SWAN, was acting within the scope of his employment by the DOCCS and was acting under the color of state law.

12. At all times hereinafter mentioned, New York State Corrections Officer HAGERT, was acting within the scope of his employment by the DOCCS and was acting under the color of state law.

13. At all times hereinafter mentioned, SUPERINTENDENT GEE was acting within the scope of his employment with the permission and consent of the DOCCS.

14. That at all times hereinafter mentioned, Defendant AITEHENSON, was an agent, servant and/or employee of the DOCCS.

15. At all times hereinafter mentioned, Defendant AITEHENSON, was acting within the scope of his employment by the DOCCS, an agency of THE STATE OF NEW YORK and was acting under the color of state law.

16. At all times hereinafter mentioned, Defendant AITEHENSON, was acting within the scope of his employment with the permission and consent of the DOCCS.

17. That at all times hereinafter mentioned, Defendant SWAN was an agent, servant and/or employee of the DOCCS.

18. At all times hereinafter mentioned, Defendant SWAN was acting within the scope of his employment by the DOCCS and was acting under the color of state law.

19. At all times hereinafter mentioned, Defendant SWAN was acting within the scope of his employment with the permission and consent of the DOCCS.

20. That at all times hereinafter mentioned, Defendant HAGRETT was an agent, servant and/or employee of DOCCS, an agency of the STATE OF NEW YORK.

21. At all times hereinafter mentioned, Defendant HAGRETT was acting within the scope of his employment by the DOCCS, an agency of THE STATE OF NEW YORK and was acting under the color of state law.

22. At all times hereinafter mentioned, Defendant HAGERTT was acting within the scope of his employment with the permission and consent of the DOCCS

23. That at all times hereinafter mentioned, Defendant SUPERINTENDENT GEE was an agent, servant and/or employee of the DOCCS.

24. At all times hereinafter mentioned, Defendant SUPERINTENDENT GEE was acting within the scope of his employment by the DOCCS and was acting under the color of state law.

25. At all times hereinafter mentioned, Defendant SUPERINTENDENT GEE was acting within the scope of his employment with the permission and consent of the DOCCS

26. Defendant SUPERINTENDENT GEE failed to conduct investigations properly and adequately, obtaining true facts and statements from witnesses and law enforcement officers.

27. Defendant SUPERINTENDENT GEE was careless, reckless and negligent in failing to discover the true facts which led to the Plaintiff's victimization by excessive force; assault; battery; and the violation of his civil rights under the 5th, 8th and 14th Amendments of the United States Constitution as enforced by the provisions of 42 U.S.C. §1983 and parallel provisions

of the New York State Constitution.

28. Defendant SUPERINTENDENT GEE was further careless, reckless, and negligent in the supervision of the activities of the officers and employees of Cayuga Correctional Facility.

29. Defendant SUPERINTENDENT GEE failed to take all necessary steps to prevent the plaintiff's victimization by excessive force, assault, battery, and violation of federal and state civil rights.

30. At all times relevant to the facts herein, Defendant GEE, Superintendent of Cayuga Correctional Facility, was a policymaker regarding training, regarding use of force, identifying learning and other mental disabilities and incarceration of diverse populations including learning disabled and mentally disabled individuals, and discipline of officers, agents and employees of Cayuga Correctional Facility.

## FACTS COMMON TO ALL CLAIMS

31. On or about September 13, 2022, at approximately 7:52 a.m., Plaintiff LAWRENCE J. SMITH was violently attacked by the Defendants without adequate justification or reason.

32. ON said date and time, on BRU C/ Gallery at Cayuga Correctional Facility, Plaintiff was stopped and "wanded" three times by Defendants AITEHENSON, SWAN, and HARGETT.

33. After being "wanded" for the third time, Plaintiff LAWRENCE J. SMITH asked for a sergeant to be present.

34. After making his request, Defendants AITEHNSON, SWAN, and HARGETT retaliated by pushing him into a cell. Thereafter they handcuffed him and beat him about the back and body.

35. The Defendants had handcuffed and shackled the Plaintiff so tightly that his skin broke

on both his ankles.

36. One of the Defendant Corrections Officers jumped on the Plaintiff, while another jammed the Plaintiff's head against the wall.

37. One of the Defendant Corrections Officers grabbed Plaintiff's finger and bent it backwards until it snapped.

38. Following this attack, the Plaintiff, despite making repeated requests, was denied medical attention for two weeks.

39. After two weeks, Plaintiff was taken to medical, and his hand was x-rayed. However, another week passed before anyone read the x-ray and confirmed that Plaintiff's left pinky finger had been broken.

40. Thereafter, Plaintiff was sent to Cayuga Medical Center for diagnosis and surgery. Plaintiff had two surgeries to repair his broken finger.

41. At the time of the attack, Plaintiff LAWRENCE J. SMITH was under the care, custody, and control of Defendants AITEHENSON, SWAN, HARGETT.

42. Defendants AITEHENSON, SWAN, HARGETT wrongfully used excessive force against Plaintiff, failed to stop the wrongful use of excessive force against Plaintiff, failed to protect Plaintiff's safety, failed to provide Plaintiff with a safe environment, failed to provide Plaintiff with prompt and adequate medical treatment, and subjected Plaintiff to abuse, harassment, and retaliation.

43. Said Defendants as well as Defendant GEE, had a duty and obligation to ensure Plaintiff's safety and well-being.

44. Defendant GEE breached the duty of care he owed to Plaintiff and acted negligently by allowing Defendants AITEHENSON, SWAN, and HARGETT to brutally attack Plaintiff, by

failing to enforce procedures and policies instituted requiring prison employees to intervene and or take appropriate action when a detainee is physically attacked or abused by a prison employee, and wrongfully issuing misbehavior tickets to Plaintiff.

45. Furthermore, Defendant GEE permitted the employees, corrections officers, and/or agents to violate Plaintiff's rights under New York State law, federal law, the New York State constitution, and the United States constitution.

46. One or more of the individually- named Defendants observed the assaults upon Plaintiff and failed to intervene to prevent the aforesaid use of force against the Plaintiff.

47. Defendant AITEHENSON did not call for medical assistance following the beating inflicted upon Plaintiff.

48. Defendant SWAN did not call for medical assistance following the beating inflicted upon Plaintiff.

49. Defendant HARGETT did not call for medical assistance following the beating inflicted upon the Plaintiff.

50. Despite the fact that the Plaintiff's injuries happened while in the custody of Defendant officers whose could be readily identified as the culprits who violently assaulted and battered him, upon information and belief the Defendant SUPERINTDENT GEE failed to take remedial action including filing of internal department charges against the culprits who committed the aforesaid acts; failed to refer the matter for prosecution and otherwise engaged in a cover-up of the assault upon the Plaintiff.

51. The conduct of the Defendants in assaulting Plaintiff in the manner aforesaid was so unreasonable that no reasonable officer could think that such conduct was lawful.

52. As a result of the foregoing, Plaintiff LAWRENCE J. SMITH was injured.

## FIRST CAUSE OF ACTION
Assault and Battery-New York State Law

53. Plaintiff repeats, reiterates and re-alleges each and every allegation contained hereinabove in paragraphs "l" through "52" inclusive with the same force and effect as though hereinafter set forth at length.

54. On or about September 13, 2020, while Plaintiff was at the Cayuga Correctional Facility, Defendants AITEHENSON, SWAN and HARGETT, caused Plaintiff apprehension of imminent harmful or offensive contact.

55. On or about September 13, 2020, while Plaintiff was at the Cayuga Correctional Facility, Defendants AITEHENSON, SWAN and HARGETT stuck the plaintiff with fists and feet and knees and otherwise caused plaintiff to be battered without provocation.

56. Plaintiff, LAWRENCE J. SMITH was injured.

57. Plaintiff, LAWRENCE J. SMITH was seriously injured.

58. Plaintiff demands judgment against Defendants for a sum of money which exceeds the jurisdictional limits of all courts of lesser jurisdiction.

## SECOND CAUSE OF ACTION
Negligent Infliction of Emotional Distress

59. Plaintiff incorporates each and every allegation and averment set forth in paragraphs "1" through "58" of this Complaint as though fully set forth herein.

60. Defendants AITEHENSON, SWAN and HARGETT owed a duty of care to Plaintiff to not needlessly cause injury and harm to him.

61. Defendants AITEHENSON's, SWAN's and HARGETT's acts and omissions as stated breached the duty of care to Plaintiff.

62. Defendants AITEHENSON's, SWAN's and HARGETT's actions are not tolerated

within the bounds of a decent society.

63. Defendants AITEHENSON, SWAN and HARGETT intended to, or disregarded the substantial probability of, causing Plaintiff severe emotional distress.

64. As a direct result of the extreme and outrageous conduct by Defendants, Plaintiff suffered severe emotional and psychological distress, anguish, anxiety, fear, humiliation, and physical injuries.

65. As a result of the foregoing, Plaintiff demands judgment against Defendants for a sum of money which exceeds the jurisdictional limits of all courts lesser jurisdiction.

## THIRD CAUSE OF ACTION
Negligence -New York State Law

66. Plaintiff incorporates each and every allegation and averment set forth in paragraphs "1" through "65" of this Complaint as though fully set forth herein.

67. Defendants had a duty towards Plaintiff to keep him safe, secure, and without injury once in Defendants' custody, care, and control.

68. This duty included keeping Plaintiff from being punched, kicked, kneed and/or otherwise assaulted and battered by Defendant Corrections Officers Aitehenson, Swan, and Hagertt.

69. Defendants breached their duty when they failed to take reasonable measures to prevent Defendant Corrections Officers Aitehenson, Swan, and Hagertt from assaulting and battering Plaintiff.

70. Defendants breach of their duty is the proximate cause of Plaintiffs injuries.

71. As a result of the foregoing, Plaintiff demands judgment against Defendants in a sum of money which exceeds the jurisdictional limits of all courts of lesser jurisdiction.

**FOURTH CAUSE OF ACTION**
(Against Defendants Aitehenson, Swan, and Hagertt)
Excessive Force-42 U.S.C. §1983

72. Plaintiff incorporates each and every allegation and averment set forth in paragraphs "1" through "70" of this Complaint as though fully set forth herein.

73. Defendants Aitehenson, Swan, and Hagertt placed Plaintiff in excessively tight handcuffs, and although Plaintiff informed Defendants Aitehenson, Swan, and Hagertt that he was suffering pain and requested the handcuffs be loosened, Defendants Aitehenson, Swan, and Hagertt refused to do so.

74. While the Plaintiff LAWRENCE J. SMITH was handcuffed and in custody he was punched, kicked and kneed about his head, body, his head was slammed into the wall and one of the defendants deliberately took Mr. Smith's pinky and bent it backwards until it snapped.

75. The assault and battery of the Plaintiff was committed by the individually named Defendants.

76. The use of force as aforesaid was unreasonable.

77. The circumstances did not support the use of force against Plaintiff LAWRENCE J. SMITH.

78. The conduct and actions of the individually-named defendants in beating Plaintiff, was done intentionally, willfully, maliciously, with deliberate indifference and/or with reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of Plaintiff's rights as guaranteed by the Fourth and Eighth Amendments to the United States Constitution including the right to be free from

...
...
...

excessive, unreasonable and unjustified force.

79. The excessive use of force perpetrated on Plaintiff was objectively unreasonable.

80. Plaintiff sustained serious injuries from the use of force as aforesaid.

81. Plaintiff seeks compensatory damages including costs and disbursements and attorney fees under 42 U.S.C. §1988.

### FIFTH CAUSE OF ACTION
(Against Defendants Aitehenson, Swan, and Hagertt)
Failure to Intervene-42 U.S.C. §1983

82. Plaintiff incorporates each and every allegation and averment set forth in paragraphs "1" through "81" of this Complaint as though fully set forth herein.

83. Plaintiff LAWRENCE J. SMITH was assaulted and battered in the presence of individually named officers who were present, observed, and/or were otherwise aware or reasonably should have been aware that Plaintiff was being subjected to excessive force and the deprivation of his rights alleged herein.

84. Each of the individually named Defendants had a duty to prevent and/or intervene to prevent Plaintiff from being subjected to excessive force.

85. Each of the individually named Defendants refused and/or failed to prevent and/or intervene so as to prevent Plaintiff from being subjected to excessive use of force.

86. The acts and omissions of the individually named officers who failed to intervene were a direct and proximate cause of Plaintiffs injuries.

87. Plaintiff seeks compensatory damages including costs and disbursements and attorney fees under 42 U.S.C. §1988.

**SIXTH CAUSE OF ACTION**
(Against Defendants Aitehenson, Swan, and Hagertt)
First and Fifth Amendments-42 U.S.C. §1983

88. Plaintiff incorporates each and every allegation and averment set forth in paragraphs "1" through "87" of this Verified Complaint as though fully set forth herein.

89. Plaintiff's Constitutionally protected rights include the right under the Fifth Amendment to not be subjected to coercion and force to extract statements and to not be subjected to retaliation by State agents for the exercise of his right to speech.

90. Excessive force against Plaintiff was used in retaliation for Plaintiff's refusal to provide answers to questions and to his complaints about being physically abused.

91. The injuries sustained by Plaintiff were proximately caused by the violation of Plaintiff's rights under the First and Fifth Amendments to the United States Constitution by the individually-named Defendants.

92. Plaintiff seeks compensatory damages including costs and disbursements and attorney fees under 42 U.S.C. §1988.

**SEVENTH CAUSE OF ACTION**
(Against Defendants Aitehenson, Swan, and Hagertt)
Right to Equal Protection -42 U.S.C. §1983

93. Plaintiff incorporates each and every allegation and averment set forth in paragraphs "1" through "92" of this Verified Complaint as though fully set forth herein. At all times relevant herein, Plaintiff, an African American, had a right to equal protection under the law as afforded and provided by the Eighth Amendment.

94. Excessive force was used in retaliation for Plaintiff's speech and race.

95. A substantial and motivating reason for the use of excessive force was due to Defendants being emboldened to commit misconduct to misuse and abuse their authority or

power by taking advantage of some weakness or disability or misfortune of Plaintiff because of Plaintiff's clear and apparent vulnerability in reckless disregard of Plaintiff's rights, accompanied by ill will or spite.

96. The acts and omissions of the individually named Defendants were a direct and proximate cause of Plaintiff's injuries.

97. Plaintiff seeks compensatory damages including costs and disbursements and attorney fees under 42 U.S.C. §1988.

### EIGHTH CAUSE OF ACTION
Supervisory and Municipal Liability-Failure to Train, Discipline, Terminate Deliberate Indifference- 42 U.S.C. §1983

98. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs "1" through "97" above as though fully set forth herein.

99. At all times mentioned herein and prior thereto, Defendant Gee had a duty to train, instruct, supervise and discipline his subordinates to assure they respected and did not violate constitutional and statutory rights of those in its custody, and to objectively investigate violations of said detainees' rights, including, but not limited to, the right to be free of infliction of cruel and unusual punishment and the right to be safe and protected from injury while in Defendants' custody, under the Fourth and Eighth Amendments to the U.S. Constitution.

100. Plaintiff is informed and believes, and alleges that prior to the incident alleged herein, Defendant facilitated, permitted, ratified and condoned similar acts of violence against detainees, and were deliberately indifferent to the health and safety of those detainees in general and Plaintiff in particular. Said Defendant knew, or should have reasonably known, of this practice, pattern or policy of constitutional violations, and additionally, of the existence of facts and situations which created the potential of unconstitutional acts, and had a duty to instruct, train, supervise and discipline their subordinates to prevent similar acts to other persons, but failed to do so.

101. The supervisors and policy making officer of the facility, Defendant GEE, Superintendent at Cayuga Correctional Facility, as a matter of *de facto* policy, custom and practice failed to take steps to terminate the above detailed practices and failed to discipline or otherwise properly supervise the individuals engaged in such practices.

102. Defendant GEE was deliberately indifferent to the use of force by DOCCS Corrections officers and more particularly to the Plaintiff herein.

103. The Defendant is liable to Plaintiff for his injuries and damages under the doctrine of *Monell v. Department of Soc. Svcs.,* 436 U.S. 658 (1978).

104. Plaintiff seeks compensatory damages including costs and disbursements and attorney fees under 42 U.S.C. §1988.

### NINTH CAUSE OF ACTION
(Against Defendants Aitehenson, Swan, and Hagertt)
Punitive Damages

105. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "104" as if more fully set forth herein.

106. The actions of the individually named Defendants constituted intentional violations of

federal and state law.

107. The actions of the individually named Defendants were intentional, malicious, willful, wanton and in reckless disregard of Plaintiff's constitutional rights and/or grossly negligent in that this conduct shocks the conscience and is fundamentally offensive to a civilized society, so as to justify the imposition of punitive damages on these defendants in their individual capacity.

108. As a result, Plaintiff seeks punitive damages against Defendants Aitehenson, Swan, and Hagertt, including costs and disbursements and attorney fees under 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff, LAWRENCE J. SMITH, seeks damages herein on the First through Third causes of action, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with costs and disbursements of this action; on the Fourth through Eighth cause of action Plaintiff seeks damages in an amount to be determined by the trier of fact and costs and disbursements of the action as well as legal fees pursuant to 42 U.S.C. §1988; on the Ninth cause of action, Plaintiff seeks punitive damages in an amount to be determined by the trier of fact together with the costs and disbursement of the action as well as legal fees pursuant to 42 U.S.C. §1988.

Dated: New York, NY
December 23, 2024

_____
Walter John Thompson, Esq.
*Attorneys for Plaintiff*
LAWRENCE J. SMITH
565 Fifth Avenue, Suite 721
New York, New York 10017
Tel: 646-922-8900
Email: wjt@thompsonlawny.com

## ATTORNEY VERIFICATION

WALTER J. THOMPSON being an attorney duly licensed to practice law in the State of New York, attorneys of record for the Plaintiff, hereby affirms the truth of the following statements, all under penalty of perjury:

That affirmant has read the foregoing **COMPLAINT** and knows the contents thereof; that the same is true to affirmant's own knowledge except as to the matters therein stated to be alleged upon information and belief, this entire COMPLAINT, being based upon information and belief the source thereof being the investigation conducted and the file maintained in this office, and as to those matters affirmant believes it to be true; the reason that this verification is not made by Plaintiff is that Plaintiff does not reside in the county of New York wherein affirmant maintains an office.

Dated:  New York, New York
        December 23, 2024

_____
WALTER J. THOMPSON