# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

Lawrence J. Smith,

        Plaintiff,

    v.                                                    9:24-CV-01562
                                        (BKS/MJK)

Tyler Aitcheson, *Individually,*
Thomas Swan, *Individually*,
Zachary Hargett, *Individually*, and
Thomas Gee, *Superintendent of Cayuga
Correction Facility, Individually*,

        Defendants.

Walter John Thompson, Esq., Attorney for Plaintiff
Elizabeth Lombardi, Esq., Asst. Attorney General, for Defendants

Mitchell J. Katz, U.S. Magistrate Judge

## MEMORANDUM-DECISION AND ORDER

Currently before the Court is Smith's motion for an Order:

(1) allowing alternative service of the Amended Complaint on Aitcheson

under Fed. R. Civ. P. 4 by: (a) service upon the New York State

Attorney General's Office, counsel for the remaining Defendants, and/or

(b) service via email to Aitcheson via his last known email address,

and/or (c) service on Aitcheson's social media account on Facebook

and/or LinkedIn; (d) any other method the Court deems reasonably

calculated to provide notice; (2) directing the New York State

1

Department of Corrections and Community Supervision ("DOCCS"), or the Attorney General's Office, to provide Aitcheson's last known email address under seal for purposes of effectuating service; and (3) granting such other and further relief as the Court deems just and proper. (Dkt. 44). Swan, Hargett, and Gee oppose the motion. (Dkt. 49). For the reasons stated below, Smith's motion is denied in part with prejudice and denied in part without prejudice.

## I.    BACKGROUND

Smith commenced this action on December 23, 2024, by filing a Complaint. (Dkt. 1). On February 5, 2025, Smith filed four affirmations of service evidencing service on all four Defendants by delivering a copy of the Summons and Complaint to the Office of the New York State Attorney General ("OAG"). *See* (Dkts. 5, 6, 7, 8).

On February 10, 2025, counsel for Defendants advised Smith's counsel via electronic mail that service on the OAG "created an issue of personal jurisdiction as none of the four defendants were OAG employees." (Lombardi Decl., Dkt. 49-1, ¶ 4).

On or about February 21, 2025, the Summons and Complaint was served on all four Defendants at the Cayuga Correctional Facility, the

principal place of business for the Defendants employed by DOCCS as of that date, and former principal place of business for Defendants that were no longer employed by DOCCS as of that date. (Lombardi Decl., Dkt. 49-1, ¶ 5).

According to DOCCS policy, correctional facilities forward a Summons and Complaint served upon the facility to DOCCS's counsel's office for individuals no longer employed by DOCCS. (Lombardi Decl., Dkt. 49-1, ¶ 6). Counsel's office then contacts the former DOCCS employee by mail or telephone to inquire as to whether the former employee authorizes DOCCS to accept service on their behalf. (*Id.*, ¶ 7). If the former DOCCS employee authorizes DOCCS to accept service on their behalf, counsel's office then forwards a request for representation to the OAG on behalf of the former employee. (*Id.*, ¶ 8). Aitcheson's last day of employment with DOCCS was February 24, 2023. (*Id.*, ¶ 9).

On March 24, 2025, counsel for Defendants filed a letter motion to withdraw as legal counsel for Aitcheson. (Dkt. 12). Counsel's declaration in support of the motion details the attempts by DOCCS's counsel's office to contact Defendant Aitcheson. (Lombardi Decl., Dkt. 49-1, ¶¶ 10, 11; Dkt. 12-1). The OAG attempted to contact Aitcheson regarding

3

representation in this action and about the motion to withdraw as counsel. (Lombardi Decl., Dkt. 49-1, ¶ 12).

Because Aitcheson never responded to DOCCS's counsel's office attempts to contact him via telephone and mail, DOCCS' counsel's office has not been authorized to accept service on his behalf. (*Id.*, ¶ 13). On March 27, 2025, the Court granted DOCCS's motion to withdraw as counsel for Aitcheson. (Dkt. 13).

On May 30, 2025, Smith filed a request for the Clerk's entry of default. (Dkt. 19). On June 12, 2025, the Court issued a text order denying Smith's request, holding that service on Aitcheson was ineffective because he was not employed by DOCCS at the time of service. (Dkt. 21). The Court granted Smith an additional 21 days to re-serve Aitcheson. (*Id.*).

On June 27, 2025, Smith filed an affidavit of non-service noting that the Summons and Complaint was not served because the process server was unable to gain access to Aitcheson's apartment. (Dkt. 22). On July 17, 2025, Smith filed an amended motion for the Clerk's entry of default. (Dkt. 24). The Court issued a text order on July 18, 2025,

4

denying Smith's amended motion for the Clerk's entry of default for the same reasons articulated in its June 12, 2025, text order. (Dkt. 25).

On July 24, 2025, Defendants filed a partial motion for judgment on the pleadings. (Dkt. 26). The Court issued a Decision and Order on February 19, 2026, granting the motion in part and denying it in part. (Dkt. 34).

On March 23, 2026, Smith filed an Amended Complaint. (Dkt. 35). On March 31, 2026, and April 1, 2026, Smith filed affidavits of non-service of the Amended Complaint. (Dkts. 37, 38). But after June 21, 2025, no attempts were made to serve the Complaint on Aitcheson until an attempt was made on March 24, 2026, to serve the Amended Complaint. (Dkts. 22, 37).

On April 20, 2026, Defendants filed a motion to partially dismiss the Amended Complaint which is pending before the District Court. (Dkt. 41).

## II.   DISCUSSION

### A. Applicable Law

The Court can authorize an alternate method of service when traditional methods are "impracticable." *See Belov v. Ilustrato Pictures*

*Int'l, Inc.*, No. 24-CV-9372, 2025 WL 2257361, at *1 (S.D.N.Y. Aug. 7, 2025) (quoting See N.Y. C.P.L.R. § 311(b)). "[T]he determination whether to permit alternate service . . . lies within the sound discretion of the district court." *Troell v. Binance Holdings Ltd.*, No. 24-CV-07136, 2025 WL 1415808, at *4 (S.D.N.Y. May 16, 2025); *see also Pinkfong Co. Inc. v. Avensy Store*, No. 23-CV-09238, 2023 WL 8531602, at *1 (S.D.N.Y. Nov. 30, 2023). This is a case-specific inquiry because "the meaning of 'impracticable' depends on the facts and circumstances of a particular case." *Jones v. Combs*, No. 24-CV-1457, 2025 WL 1313425, at *1 (S.D.N.Y. May 6, 2025); *accord Sirius XM Radio Inc. v. Aura Multimedia Corp.*, 339 F.R.D. 592, 593 (S.D.N.Y. 2021). A plaintiff seeking to serve by alternative means "generally must make some showing that the other prescribed methods of service could not be made." *Fox Shiver LLC v. Individuals, Corps. LLC, P'ships, & Unincorporated Ass'ns Identified on Schedule A*, No. 25-CV-3068, 2025 U.S. Dist. LEXIS 92318, at *2-3 (S.D.N.Y. May 14, 2025); *see also Avail 1 LLC v. Kalsi*, No. 23-CV-1641, 2023 WL 7297214, at *2 (S.D.N.Y. Nov. 6, 2023) (declining to find impracticability where the plaintiff had not exhausted the prescribed methods of service). If a court determines that

6

service by traditional means is impracticable, it may allow service in some other manner that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Europgold Ltd. v. Silver N Gold Wholesale, LLC*, No. 24-CV-07297, 2025 WL 897100, at *1 (S.D.N.Y. Mar. 24, 2025) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, (1950)).

## B. Smith's Arguments

### 1. Defense counsel's attempts to contact Aitcheson.

Smith relies on defense counsel's effort to contact Aitcheson as a basis for arguing that he should be granted leave to serve the Amended Complaint by alternative means. Specifically, Smith relies on Attorney Lombardi's March 24, 2025, declaration which outlines her unsuccessful efforts to contact Aitcheson via certified mail, telephone, text message, and social media regarding her "attempts to represent Defendant Aitcheson in this lawsuit, and with regard to the motion to withdraw as counsel." (Lombardi Decl., Dkt. 49-1, ¶ 12). Smith also relies on defense counsel's submission of three affidavits of service, all sworn to on March

7

31, 2025, which reflect service of a letter and the Court's docket sheet at three separate mailing addresses. (Dkts. 14, 14-1, 14-2).[1] [2]

### 2. Service attempts of the Amended Complaint.

Smith also relies on his efforts to serve Aitcheson with the Amended Complaint as a basis for the requested relief. Smith notes the unsuccessful efforts made by two different process servers to serve the Amended Complaint at two distinct addresses. (Thompson Decl., Dkt. 44-1, ¶¶ 7, 8; Dkts. 37, 38).

### 3. Investigative database and public record searches.

Finally, the declaration of Walter John Thompson, Esq. ("Thompson Declaration") cites to a New York State Department of Motor Vehicles Certified Abstract and a LexisNexis Accurint database search which yielded three addresses, two mobile phone numbers, and two email addresses. (Thompson Decl., Dkt. 44-1, ¶ 9, Exhibit "A", pg.

---

[1] The three addresses reflect Aitcheson's last known address, last known place of employment and relative's address. (Defs. Br., pg. 8).

[2] Notably, the affirmation submitted by Smith's counsel incorrectly identify the March 31, 2025 Affidavits of Service as "Affidavits of Non-Service." (Thompson Decl., Dkt. 44-1, ¶ 6).

4).[3] However, the Thompson Declaration is silent as to how the information garnered from these searches has or will be used to locate Aitcheson so that he can be served with the Amended Complaint. The Court notes prior efforts to serve Aitcheson at 416 Dodge Road, Frewsburg, New York, and at 459 Main Street, Apt. 1, Johnson City, New York. (Dkts. 22, 38). Notably, there is no indication that any attempt has been made to serve Aitcheson with the Amended Complaint at 9 E. Green Street, Dunkirk, New York. (Thompson Decl., Dkt. 44-1, ¶ 9(b)). The Thompson Declaration is also silent as to what efforts, if any, have been made to contact Aitcheson at either the telephone numbers or email addresses identified in the database search. (Thompson Decl., Dkt. 44-1, ¶¶ 9(d) and 9(e)). Without more, the Court cannot find that serving Aitcheson through traditional methods is "impracticable." *See Belov*, 2025 WL 2257361, at *1.

---

[3] The New York State Department of Motor Vehicle Abstract identified one of the same addresses reflected in the Lexis/Nexis search. (Thompson Decl., Dkt. 44-1, ¶ 10, Exhibit "B").

### C. Smith motion to serve the Amended Complaint on the OAG is denied with prejudice.

Smith's motion to allow for service of the Amended Complaint on the OAG is denied with prejudice for the same reasons articulated in the Court's June 12, 2025, and July 18, 2025, text orders. (Dkts. 21, 25). In those text orders, the Court held that service of the Complaint on Aitcheson by delivering it to the OAG was not proper because Aitcheson was not employed by DOCCS at the time service was effectuated. (Dkts. 21, 25). Again, Aitcheson's last day of employment with DOCCS was February 24, 2023 (Lombardi Decl., Dkt. 49-1, ¶ 9) and the Complaint was served on January 30, 2025 (Dkt. 5-1). Smith provides no proof to the contrary.

Further, the record is devoid of any proof that Aitcheson authorized the OAG to accept service of the Amended Complaint on his behalf. *See Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1094 (2d Cir. 1990) (holding service on defendant not sufficient where attorney not authorized to accept service for his client). It is for this reason that Defendants' counsel "sent an email to [Smith's] counsel that informed them, as a courtesy, that serving Defendants at the New York State of Attorney General . . . created an issue of personal jurisdiction

10

as none of the four defendants were OAG employees." (Lombardi Decl., Dkt. 49-1, ¶ 4). Again, Smith provides no proof to the contrary and his motion for an order allowing service of the Amended Complaint on the OAG is therefore denied with prejudice.

### D. Smith's motion for an order directing DOCCS or the OAG to provide additional information for purposes of effectuating service is denied with prejudice.

Smith's motion for an order directing DOCCS or the OAG to provide him with Aitcheson's last known email address under seal is denied with prejudice.

As to the OAG, any directive requiring it to provide Smith with additional information would be futile for the reasons articulated in the March 24, 2025, Lombardi Declaration (Dkt. 12-1) and reiterated in Defendants' papers in opposition to Smith's motion. Defendants note that the March 31, 2025, affidavits of service (Dkts. 14, 14-1, 14-2) provide "Aitcheson's last known address, while he was employed by DOCCS, the address of his last known place of employment, and address of relatives." (Def. Br., pg. 12). The OAG notes, and the Court agrees, that it has provided Smith with all the contact information it

11

has for Aitcheson. Smith's motion as to the OAG is therefore denied with prejudice.

Smith's motion is also denied with prejudice as to DOCCS. As an initial matter, the Court does not have jurisdiction to issue an order directing DOCCS to provide any information because DOCCS is not a party to this action and is therefore not subject to the Court's jurisdiction. *See United States v. Paccione*, 964 F.2d 1269, 1275 (2d Cir. 1992) ("[A] court generally may not issue an order against a non-party."); *see also Gibson v. City of New York*, No. 25-CV-06009, 2026 WL 950120, at *1 (S.D.N.Y. Apr. 8, 2026) (denying injunctive relief because Kirby Psychiatric was not a party to the action). Next, the March 24, 2025, Lombardi Declaration states that DOCCS's counsel's office was unsuccessful in its attempts to contact Aitcheson when this action was commenced. (Lombardi Decl., Dkt. 12-1, ¶ 5). Now, eighteen months since the commencement of this action, Smith has not advanced any argument suggesting that DOCCS is in possession of any updated contact information for Aitcheson. Smith's motion as to DOCCS is therefore denied with prejudice.

12

E. **Smith's motion to serve the Amended Complaint via electronic mail is denied without prejudice**.

Smith's motion for leave to serve the Amended Complaint on Aitcheson at "ANGEL29NY2000@YAHOO.COM" and "JETERANDBRIER96@AOL.COM" is denied without prejudice.

Even if Smith had demonstrated the "impracticability" of service of the Amended Complaint on Aitcheson through the manners prescribed by Fed. R. Civ. P. 4(e) and N.Y. C.P.L.R. § 308, Smith has not established that service of the Amended Complaint by email comports with due process. Smith has not proffered any evidence that Aitcheson actively uses the identified email addresses. *See F.T.C. v. PCCare247 Inc.*, No. 12-CV-7189, 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013) ("Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant."); *see also Kesten v. Broad. Music Inc.*, No. 20-CV-8909, 2021 WL 1740806, at *2 (S.D.N.Y. Mar. 3, 2021) (quoting *AMTO, LLC v. Bedford Asset Mgmt., LLC*, No. 14-CV-9913, 2015 WL 3457452, at *8 (S.D.N.Y. June 1, 2015)) ("However, 'in those cases where service by email has been judicially approved, the movant supplied the [c]ourt with some facts indicating that the person to be served would be likely

13

to receive the summons and complaint at the given email address.'" (alteration in original)). Absent from Smith's motion is any proof beyond the LexisNexis search that the email addresses he identified are in fact associated with Aitcheson or that the Amended Complaint is likely to reach Aitcheson so that the requirements of due process can be met. Smith has not offered any evidence establishing that email service of the Amended Complaint is "reasonably calculated, under all the circumstances, to apprise [Aitcheson] of the pendency of the action and afford [him] an opportunity to present [his] objections." *Europgold Ltd.*, 2025 WL 897100, at \*2 (quoting *Doe v. Hyassat*, 337 F.R.D. 12, 15 (S.D.N.Y. 2020).

However, while the Court is strongly inclined to deny Smith's motion with prejudice, it is going to do so without prejudice because of Defendants' pending motion for an order pursuant to Fed. R. Civ. P. 8 and 12(b)(6) which will, as a practical matter, delay the forward progress of this case. The Court therefore grants Smith thirty (30) days from the date of this Memorandum-Decision and Order to renew his motion for alternative service via electronic mail. In doing so, Smith is reminded that any such motion must demonstrate that allowing service

14

of the Amended Complaint via electronic mail with comport with due process.

Smith's motion to serve the Amended Complaint via electronic mail is therefore denied without prejudice.

F. **Smith's motion to serve the Amended Complaint via social media is denied without prejudice**.

Smith's motion for leave to serve the Amended Complaint on Aitcheson via Facebook and/or LinkedIn is denied without prejudice.

Courts authorize service through social media as a "backstop" for service by other means when the plaintiff establishes that the defendant regularly used and maintained the proposed account. *See PCCare247 Inc.*, 2013 WL 841037, at *5 ("The Court acknowledges that service by Facebook is a relatively novel concept, and that it is conceivable that defendants will not in fact receive notice by this means. But, as noted, the proposed service by Facebook is intended not as the sole method of service, but instead to backstop the service upon each defendant at his, or its, known email address."); *cf. Kesten*, 2021 WL 1740806, at *2-3 (denying service by Facebook and Instagram where plaintiff failed to show that email service was reasonably likely to provide notice to defendant).

Here, Smith has failed to make any showing that Aitcheson has a Facebook or LinkedIn account and if he does, that he is an active user of those platforms. And even if Smith could make that showing, his motion for service of the Amended Complaint on social media would still be denied because there is no evidence that service by other means is not available.

However, for the same reasons articulated regarding alternative service of the Amended Complaint via electronic mail, the Court grants Smith thirty (30) days from the date of this Memorandum-Decision and Order to renew his motion for alternative service via social media. In doing so, Smith is reminded that service of the Amended Complaint via social media is only a "backstop" for service by other means.

Smith's motion for service via social media is therefore denied without prejudice.

## III.  CONCLUSION

**WHEREFORE**, based on the findings above, it is herby

**ORDERED**, that Smith's motion allowing alternative service of the Amended Complaint on Aitcheson under Fed. R. Civ. P. 4 by service upon the New York State Attorney General's Office, counsel for the

16

remaining Defendants is **DENIED WITH PREJUDICE**, and it is further

    **ORDERED**, Smith's motion allowing alternative service of the Amended Complaint on Aitcheson under Fed. R. Civ. P. 4 via email to Aitcheson's last known email address is **DENIED WITHOUT PREJUDICE**, and it is further

    **ORDERED**, that Smith's motion allowing alternative service of the Amended Complaint on Aitcheson under Fed. R. Civ. P. 4 on Aitcheson's social media account on Facebook and/or LinkedIn is **DENIED WITHOUT PREJUDICE**; and it is further

    **ORDERED**, that Smith motion for an Order directing the New York State Department of Corrections and Community Supervision ("DOCCS"), or the Attorney General's Office, to provide Aitcheson's last known email address under seal for purposes of effectuating service is **DENIED WITH PREJUDICE**.

Dated: June 29, 2026.

                                    _____
                                    Hon. Mitchell J. Katz
                                    U.S. Magistrate Judge